Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about May 25, 2011, which, upon a fact-finding determination that appellant acted in an ungovernable and incorrigible manner, adjudicated her as a person in need of supervision and placed her on probation for 12 months, unanimously affirmed, without costs.
The court’s determination was well supported by the evidence adduced at the hearing. Even if appellant’s treatment of her mother was an isolated incident, Family Court Act § 712 (a) defines a “[p]erson in need of supervision” (PINS) as, among other things, “[a] person less than [18] years of age . . . who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of a parent or other person legally responsible for such child’s care.” The Family Court properly construed the *921 plain statutory language which employs the use of “or” when describing three possible types of PINS behavior, those types being: (1) incorrigible behavior; (2) ungovernable behavior; or (3) habitually disobedient behavior. “Habitually” immediately precedes “disobedient” and, therefore, only qualifies “disobedient” and not “incorrigible” or “ungovernable” (see McKinney’s Cons Laws of NY, Book 1, Statutes § 254). Thus, unlike disobedience, incorrigible or ungovernable behavior need not be habitual to serve as a sufficient basis upon which to make a PINS determination (see e.g. Matter of Daniel I., 57 AD3d 666, 667 [2d Dept 2008]; Matter of Sonya LL., 53 AD3d 727, 728 [3d Dept 2008]). Concur — Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ.